1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10   RICHARD ARCHULETA,

11                       Plaintiff,              CASE NO. 14-cv-05496 RBL JRC

12          v.                                   REPORT AND RECOMMENDATION
                                                 ON PLAINTIFF'S COMPLAINT
13
     CAROLYN W. COLVIN, Acting                   Noting Date: January 9, 2015
14   Commissioner of the Social Security
     Administration,
15
                        Defendant.
16

17          This matter has been referred to United States Magistrate Judge J. Richard

18   Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19   4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

20   271-72 (1976).  This matter has been fully briefed (*see* Dkt. 12, 13, 14).

21          After considering and reviewing the record, the Court concludes that the ALJ

22   failed to provide clear and convincing reasons for the failure to credit fully plaintiff's

23   allegations and testimony. For example, despite the ALJ's finding, plaintiff's statements

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 1

1   about watching television were not, in fact, inconsistent.   Similarly, the ALJ relied on

2   plaintiff's activities of daily living to discount his credibility, however, plaintiff's

3   activities of daily living were not inconsistent with his other testimony; did not

4   demonstrate any transferability to a work setting; and, were not inconsistent with his

5   particular claims of disabling limitations.

6          Because the ALJ's error regarding plaintiff's credibility is not harmless error, this

7   matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g)

8   for further proceedings consistent with this Report and Recommendation.

9                                BACKGROUND

10         Plaintiff, RICHARD ARCHULETA, was born in 1962 and was 47 years old on

11  the alleged date of disability onset of September 18, 2010 (*see* AR. 188-93, 194-97).

12

13  Plaintiff graduated from high school (AR. 49).  Plaintiff has work experience as a

14  warehouse worker, delivery driver, cashier/clerk and dishwasher (AR. 232).  He last

15  worked for a transportation company, but was unable to continue because of his health

16  conditions (AR 50).

17         According to the ALJ, plaintiff has at least the severe impairments of "vestibular

18  neuritis; [and] history of left shoulder dislocation with rotator cuff tear, status post

19  surgery (20 CFR 404.1520(c) and 416.920(c))" (AR. 32).

20         At the time of the hearing, plaintiff was separated from his wife and living alone

21  (AR. 49).

22

23  //

24  //

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 2

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 107-10, 115-22, 123-32). Plaintiff's requested hearing was held before Administrative Law Judge Ilene Sloan ("the ALJ") on January 28, 2013 (*see* AR. 44-70). On February 15, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 27-42).

On April 24, 2014, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in June, 2014 (*see* Dkt. 1, 4). Defendant filed the sealed administrative record regarding this matter ("AR.") on September 12, 2014 (*see* Dkt. 9, 10).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the administrative law judge (ALJ) provided clear and convincing reasons for rejecting plaintiff's testimony; (2) Whether or not the ALJ properly evaluated the medical source opinions; and (3) Whether or not the ALJ correctly determined that plaintiff could perform his past relevant work and other work existing in the national economy (*see* Dkt. 12, p. 1). Because the Court concludes that the issue of plaintiff's credibility is dispositive and requires remand, the remaining matters will not be discussed herein.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

(1) **Whether or not the administrative law judge ("ALJ") provided clear and convincing reasons for rejecting plaintiff's testimony**.

Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407); SSR 96-7p, 1996 WL 374186 at *2.  If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Reddick, supra*, 157 F.3d at 722 (*citing Bunnell v. Sullivan, supra*, 947 F.2d at 343, 346-47). The Court notes that this "clear and convincing" standard recently was reaffirmed by the Ninth Circuit. *See Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. 2014) ("The government's suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 4

1 and must be rejected"). As with all of the findings by the ALJ, the specific, clear and

2 convincing reasons also must be supported by substantial evidence in the record as a

3 whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

4 Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

5    First, the Court notes the reliance by the ALJ on a finding that plaintiff's

6 allegations and testimony are inconsistent regarding his television viewing (*see* AR. 35

7 (*citing* AR. 251). However, although the ALJ found that plaintiff indicated at one point

8 that he watched television, but later testified that he did not watch television, plaintiff

9 actually indicated at one point that he watched TV, and subsequently testified that he

10 "quit watching TV because it was [] [] always skipping" (AR. 54). Plaintiff's testimony

11 that he "quit watching TV" necessarily implies that he was watching it previously.

12 Therefore, the ALJ's finding that plaintiff's allegations regarding his TV viewing are

13 inconsistent is not based on substantial evidence in the record as a whole.

14

15    The ALJ also found that plaintiff "described daily activities that are inconsistent

16 with the allegations of disabling limitations," noting that plaintiff lives alone, "prepares

17 simple meals, does laundry and dishes, uses public transportation, and goes shopping"

18 (AR. 35).

19    Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that

20 the mere fact that a plaintiff has carried on certain daily activities  . . . .  does not in any

21 way detract from her credibility as to [his] overall disability." *Orn v. Astrue*, 495 F.3d

22 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir.

23 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the

24

1  basis of an adverse credibility determination: (1) whether or not they contradict the

2  claimant's other testimony and (2) whether or not the activities of daily living meet "the

3  threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*,

4  885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings

5  relating to the daily activities' and their transferability to conclude that a claimant's daily

6  activities warrant an adverse credibility determination. *Orn, supra*, 495 F.3d at 639

7  (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

8

9  Plaintiff's report of his living alone, preparing simple meals, doing his laundry and

10  dishes, using public transportation, and going shopping are not transferable to full time

11  work, and none of these activities contradict any of plaintiff's allegations of limitations

12  (*see* AR. 35). Plaintiff testified that even though he does laundry, he has to have a friend

13  come over and move the laundry basket from one room to another, due to the weakness

14  in his arm and his shoulder impairment (*see* AR. 57). Regarding plaintiff's ability to

15  attend to his personal needs, such as showering, plaintiff testified that: "Yes, ma'am, I

16  can do that, but the things that used to take me minutes [] [] things that I used to take for

17  granted, it takes a lot longer now your honor" (AR. 55). In addition, plaintiff testified that

18  he used to cook dinners, but at the time of his administrative hearing, he testified that he

19  can put a "TV dinner type thing or something I can just toss in the microwave and take it

20  out and eat it," but that the "days of [] cooking Thanksgiving dinner and stuff like that,

21  those are long gone" (*id.*). The ALJ's implied finding in her written decision that plaintiff

22  conducts his daily activities differently than he indicates is not based on substantial

23

24  evidence in the record, but is based on speculation. *See* SSR 86-8, 1986 SSR LEXIS 15 at

1   *22 (an ALJ may not speculate). In order to avoid circular reasoning, an ALJ must have a

2   valid reason for finding a claimant not credible before finding that a claimant does his

3   activities of daily living differently than the claimant testifies to, then relying on this

4   speculation regarding the daily activities in order to support an adverse credibility

5   finding. *See id.* An ALJ's finding that a claimant is not credible must be based on specific

6   "'evidence [that] undermines the claimant's complaints,'" not on findings that presume

7   first that a claimant is not credible. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir.

8   2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.

9   1999)).

10

11          The Court concludes that plaintiff's few activities of daily living are not

12   inconsistent with his allegations of disabling limitations. The Court also concludes based

13   on the record as a whole, that the ALJ erred by relying on plaintiff's activities of daily

14   living when failing to credit fully plaintiff's credibility.

15          When failing to credit fully plaintiff's allegations and testimony, the ALJ also

16   relies on plaintiff's failure to comply with recommended vestibular rehabilitation despite

17   the fact that plaintiff reported that he did not follow up with this recommended treatment

18   due to a substantiated lack of insurance (AR. 34). According to Social Security Ruling,

19   ("SSR"), SSR 96-7, "the adjudicator must not draw any inferences about an individual's

20   symptoms and their functional effects from a failure to seek or pursue regular medical

21   treatment without first considering any explanations that the individual may provide, or

22   other information in the case record, that may explain infrequent or irregular medical

23   visits or failure to seek medical treatment." SSR 96-7, 1996 SSR LEXIS 4, at *22; *see*

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 7

1    *also Regennitter v. Comm'r SSA*, 166 F.3d 1294, 1296 (9th Cir. 1999) ("Although we

2    have held that 'an unexplained, or inadequately explained failure to seek treatment can

3    cast doubt on the sincerity of a claimant's pain testimony,' we have proscribed the

4    rejection of a claimant's complaint for lack of treatment when the record establishes that

5    the claimant could not afford it") (citations, ellipses and brackets omitted). Although

6    "Social Security Rulings do not have the force of law, [n]evertheless, they constitute

7    Social Security Administration interpretations of the statute it administers and of its own

8    regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing*

9    *Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d

10    1249, 1252 n.2 (9th cir. 1988)) (internal citation and footnote omitted). As stated by the

11    Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or

12    inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc.*

13    *v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356) (footnote

14    omitted).

15    Here, the ALJ disregards plaintiff's reason for failing to follow recommended

16    treatment with a finding that there is no evidence that he sought follow-up treatment

17    through an emergency room or low-cost clinic (*see* AR. 34). However, as the

18    recommended vestibular rehabilitation is not a treatment that is provided in an emergency

19    room setting, and as the ALJ has cited no evidence supporting the inference that any low-

20    cost clinic provides such specialized treatment, this reason by the ALJ is speculative, is

21    not legitimate, and is not supported by substantial evidence in the record. Although the

22    ALJ also faults plaintiff for failing to attend physical therapy after his December, 2011

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 8

1  surgery, as this surgery was more than a year following his dislocation of his shoulder in

2  November, 2010, the ALJ's finding provides no rationale for failing to find that plaintiff

3  suffered from disabling limitations for the more than twelve month period between his

4  November, 2010 injury and recovery from his December, 2011 surgery, which was

5  opined to require as much as sixteen weeks (*see* AR. 35, 373). The ALJ's RFC finding

6  that plaintiff was capable of light work, with occasional overhead reaching and normal

7  non-overhead reaching while he had a dislocated humerus, an almost completely ruptured

8  supraspinatus tendon and partial tears of his subscapularis and bicep is not explained in

9

10  the ALJ's written decision nor substantiated by any evidence in the record (*see* AR. 33,

11  279-80, 316-17).

12  The only other reason offered by the ALJ for her failure to credit fully plaintiff's

13  credibility is that plaintiff reported that he was not taking any medications for his

14  shoulder pain in one treatment report in November, 2011 (*see* AR. 35(*citing* AR. 310)).

15  However, the record is clear that during the relevant period of time, as demonstrated by a

16  July, 2011 MRI scan, plaintiff was suffering from a dislocated humerus with loose bony

17  fragments; a "near complete rupture of the supraspinatus tendon with superior

18  subluxation of the humeral head and atrophy of the muscle belly;" and, a "High-grade

19  partial thickness tear of subscapularis, with medial subluxation and partial thickness

20  tearing of the long head of biceps" (*see* AR. 279-80, 316-17). This objective evidence

21  more than substantiates plaintiff's alleged shoulder pain, left arm weakness and limitation

22  in movement of his left arm (*see id.*).

23

24

1      Based on the record as a whole, the Court concludes that the finding that on one

2 particular date plaintiff was not taking medications despite a substantiated severe

3 shoulder impairment is not a clear and convincing reason for failing to credit all of

4 plaintiff's allegations and testimony regarding his limitations.

5      For the reasons stated, and based on the record as a whole, the Court concludes

6 that the ALJ did not provide adequate rationale for failing to credit fully plaintiff's

7 allegations of disabling limitations. None of the reasons provided by the ALJ adequately

8 substantiates the ALJ's adverse credulity determination. Therefore, the Court concludes

9 that the ALJ's credibility determination is erroneous and not supported by substantial

10 evidence in the record.

11

12      The Ninth Circuit has "recognized that harmless error principles apply in the

13 Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

14 (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th

15 Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the

16 record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court

17 also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error

18 is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.*

19 (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))

20 (other citations omitted). The court noted the necessity to follow the rule that courts must

21 review cases "'without regard to errors' that do not affect the parties' 'substantial

22 rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28

23

24 U.S.C. § 2111) (codification of the harmless error rule)).

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 10

1   As argued by plaintiff, the ALJ's step four and step five findings regarding

2   plaintiff's ability to conduct past relevant work and other work existing in the national

3   economy all depend on the ALJ's rejection of plaintiff's allegations and testimony, as

4   does the ALJ's RFC (*see* Dkt. 12, pp. 17-19). If plaintiff's allegations and testimony are

5   credited in full, he no longer would be able to perform the jobs identified by the ALJ at

6   steps four and five. Therefore, the ALJ's error in her evaluation of plaintiff's allegations

7   and credibility is not harmless error. See *Molina*, *supra,* 674 F.3d at 1115.

8   However, it is not clear if plaintiff is disabled still, was disabled for the entire

9   period of alleged disability, or potentially was disabled for a closed period of time.

10   Plaintiff admitted that his shoulder improved following surgery, indicating that "his

11   preoperative pain has dramatically improved" (*see* AR. 354); although the Court notes

12

13   that this treatment record occurs more than a year after plaintiff's shoulder dislocation,

14   suggesting a closed period of disabling limitations. In addition, with rehabilitative

15   treatment, his vestibular condition potentially is amenable to improvement, as evidenced

16   by the opinion of plaintiff's treating otolaryngologist, Dr. Larry Duckert, M.D. that the

17   opined limitations would persist only for three months, although it is not clear from the

18   record if plaintiff was able to obtain such treatment (*see* AR. 400-01).

19   For these reasons, the Court concludes that this matter should be reversed and

20   remanded for further administrative consideration, not with a direction to award benefits.

21   *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (reversal with a direction to

22   award benefits not appropriate if further administrative proceedings would serve a useful

23

24

1  purpose); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (reversal with direction

2  to award benefits not appropriate if outstanding issues must be resolved).

3     (2) **Whether or not the ALJ properly evaluated the medical source opinions**.

4     Because the Court has concluded that this matter should be reversed due to

5  harmful error in the evaluation of plaintiff's credibility; because the matter is remanded

6  for further administrative consideration, *see supra*, section 1; and based on the record as a

7  whole, the Court concludes that the medical evidence should be evaluated anew

8  following remand of this matter.

9     (3) **Whether or not the ALJ correctly determined that plaintiff could perform
10       his past relevant work and other work existing in the national economy**.

11     As discussed previously, *see supra*, section 1, the ALJ's step four finding

12  regarding past relevant work and her step five finding regarding other work existing in

13  the national economy both are based on the ALJ's failure to credit fully plaintiff's

14  allegations and testimony, which this Court has concluded is based on harmful error.

15  Therefore, both of these findings should be determined anew, as necessary, following

16  remand of this matter.

17

18                    CONCLUSION

19     Based on the stated reasons and the relevant record, the undersigned recommends

20  that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42

21  U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this

22  Report and Recommendation.  **JUDGMENT** should be for **plaintiff** and the case should

23  be closed.

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 12

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2    fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.

3    Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

4    purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

5    Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

6    matter for consideration on January 9, 2015, as noted in the caption.

     Dated this 22nd day of December, 2014.

7

8

9

10   J. Richard Creatura
     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 13